UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIANA K. ARAGON, individually; ANGEL BRATCHER, individually, and as Natural Parent and Guardian of D. B., a minor,<br><br>Plaintiff,<br><br>v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,<br><br>Defendants | Case No. 2:13-cv-001728-APG-GWF<br><br>**ORDER DISMISSING PLAINTIFF'S SECOND, THIRD AND FOURTH CAUSES OF ACTION** |

Plaintiffs have failed to file a response in opposition to Defendant's Motion to Dismiss Claims Two, Three and Four of Plaintiff's Complaint [Dkt. #5]. Pursuant to Local Rule 7-2(d), the failure to file a response to a motion "shall constitute a consent to the granting of the motion." Nevertheless, the Court has reviewed Defendant's Motion on its merits. For the reasons set forth below, the Motion is granted.

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

A court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* Mere recitals of the elements of a

cause of action, supported only by conclusory statements, do not suffice. *Id.* A court also must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not shown — that the pleader is entitled to relief." *Id.* (internal quotation marks and alterations omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Here, the complaint contains no factual allegations that, accepted as true, would give rise to a valid cause of action for breach of the covenant of good faith and fair dealing. Plaintiff offers only conclusory statements without any actual facts supporting a claim of bad faith. *See* Dkt. #1-7 at ¶¶ 13-17, 25-30. Under *Iqbal*, such "naked assertions devoid of further factual enhancement" are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Similarly, with regard to the claim (Fourth Cause of Action) that Hartford violated the Nevada Unfair Claims Practices Act, the complaint merely restates the text of NRS 686A.310 without any factual support. *See* Dkt. #1-7 at ¶¶ 35-41.

Finally, Plaintiff's claim for unjust enrichment (Third Cause of Action) is fatally defective because a claim "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). Unjust enrichment "applies [only] to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.* (citation omitted). The complaint alleges—and Defendant admits—that there is a written contract that governs the parties' obligations with respect to UIM benefits. Thus, Plaintiff cannot maintain an unjust enrichment claim as a matter of law. *Josephson v. EMC Mortg. Corp.*, No. 2:10-CV-336

JCM (PAL), 2010 WL 4810715, at *3 (D. Nev. Nov. 19, 2010) ("Since there is no dispute with regard to the existence of an expressed [sic] agreement, the loan, the plaintiffs are unable to claim unjust enrichment.").

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion [Dkt. #5] is GRANTED. Plaintiff's Second, Third, and Fourth Causes of Action are hereby DISMISSED without prejudice.

DATED THIS 10th day of March, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE