# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIANA K. ARAGON; ANGEL BRATCHER, individually and as Natural Parent and Guardian of D.B., a minor,<br><br>           Plaintiffs,<br><br>vs.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>           Defendant. | Case No. 2:13-cv-01728-GMN-GWF<br><br>**FINDINGS and RECOMMENDATIONS**<br><br>**Re: Petition for Compromise of Disputed Claim of Minor (#31)** |

This matter is before the Court on the Petition for Compromise of Disputed Claim of Minor (#31), filed on December 17, 2014. The petition seeks an order approving the compromise of the bodily injury claim of minor Plaintiff Dylan Bratcher. This matter has been referred to the undersigned magistrate judge by the district judge.

## BACKGROUND

The complaint in this action alleges that minor Plaintiff Dylan Bratcher was a passenger in an automobile that was involved in an accident caused by the negligence of an uninsured motorist. The automobile in which Dylan Bratcher was riding was insured by Defendant Property and Casualty Insurance Company of Hartford ("Hartford") whose policy of insurance provided uninsured/underinsured motorist coverage. A claim for uninsured motorist coverage has been alleged on behalf of the Plaintiffs, including minor Plaintiff Dylan Bratcher by and through his natural parent and guardian, Plaintiff Angel Bratcher. Plaintiffs filed this action in the District Court, Clark County, Nevada and it was removed to this Court by Defendant Hartford based on diversity of citizenship between the parties.

Plaintiff-Petitioner Angel Bratcher has filed a petition for compromise of disputed claim of a minor on behalf of Dylan Bratcher.  The Petitioner alleges (1) that she is the natural mother of Dylan Bratcher, a minor of six (6) years, born June 11, 2008; (2) that Dylan resides with the Petitioner at the listed residential address, and that Petitioner maintains the physical care, custody and control of Dylan; (3) that Dylan was a passenger in a car that was rear-ended by another vehicle in Las Vegas, Nevada on June 27, 2012; (4) that Dylan sustained personal injuries as a result of the accident including soft tissue neck and back injuries and became withdrawn from social situations; (5) that as a result of the accident, Petitioner made a demand on Defendant Hartford for the injuries and damages sustained by Dylan and that Defendant Hartford has offered to pay $9,504.00 in consideration of a full and final release of all claims on behalf of Dylan; (6) that copies of all medical records, reports and bills which describe the injury, prognosis, initial and final treatment and progress of recovery of Dylan, if any, are attached to the Petition; (7) an itemization of Dylan's outstanding medical bills in the amount of $938.55; (8) that the $9,504.00 settlement is subject to a contingent attorney's fee, payable to Plaintiffs' counsel's law firm in the amount of $3,450.00, and costs in the amount of $393.76, for total costs and fees of $3,843.76; (8) that the $9,504.00 settlement is subject to paying the outstanding medical bills in the amount of  $938.55; (9) that the balance of the settlement proceeds after deducting attorney's fees, costs and unpaid medical bills is $4,721.69 which shall be paid to Petitioner for the establishment of a blocked trust account; (10) that Petitioner believes acceptance of the settlement is in the best interests of Dylan; (11) that Petitioner has been advised and understands that acceptance of the compromise will bar Dylan from seeking further relief from Defendant Hartford for the accident; (12) that Petitioner understands that the settlement funds will be placed in a blocked trust account with City National Bank, a federally insured financial institution in the State of Nevada, 2320 E. Tropicana Avenue, Las Vegas, Nevada 89119, until Dylan  reaches 18 years of age, at which time the funds will be removed with a court order; (13) that Petitioner may be required to file periodic verified reports as the Court deems appropriate; and (14) that Petitioner will provide the Court with proof of the establishment of the blocked trust account within sixty (60) days of the Court's order approving the compromise.  *Petition (#31)*, ¶¶ 1-14.

Petitioner requests that the Court enter an order approving the proposed compromise of the minor Plaintiff's claim pursuant to Nevada Revised Statute (NRS) Section 41.200.

**DISCUSSION**

Nevada Revised Statute (NRS) 41.200 states that if an unemancipated minor has a disputed claim for money against a third person, then the parent or guardian of the minor has the right to compromise the claim. "Such compromise is not effective until it is approved by the district court[.]" The statute sets forth the information that must be contained in any petition to compromise the disputed claim of a minor. NRS 41.200.2 (a)-(h). If the claim involves a personal injury suffered by the minor, NRS 41.200.3 provides that the petitioner must also submit all relevant medical and health care records, which must include documentation of (a) the injury, prognosis, treatment, and progress of recovery of the minor; and (b) the amount of medical expense incurred to date, the nature and amount of medical expenses which have been paid and by whom, any amount owing for medical expenses and an estimate of the amount of medical expenses which may be incurred in the future. NRS 41.200.4 states that if the court approves the compromise of the claim of the minor, it must direct that the money be paid to the parent or guardian of the minor, with or without the filing of any bond, as the court, in its discretion, deems to be in the best interests of the minor. NRS 41.200.5 provides that upon receiving the proceeds of the compromise, the parent or guardian to whom the proceeds of the settlement are ordered to be paid, shall establish a blocked financial investment for the benefit of the minor with the proceeds of the compromise.

28 U.S.C. § 636(c) authorizes a magistrate judge to order entry of a judgment in a civil action upon the consent of the parties and when designated by the district court to exercise such jurisdiction. *See Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014). California Rule of Court 7.950 governs the compromise of disputed claims of minors in a manner similar to NRS 41.200. Federal district courts in California generally treat orders approving the compromise of minors' claims as dispositive matters which may only be finally approved by a magistrate judge upon the consent of the parties and the specific referral of the district judge. Otherwise, a magistrate judge may submit findings and recommendations for approval or disapproval of the proposed compromise. *See Riddle v. The National Railroad Passenger Corporation*, 2014 WL 5783825 (S.D.Cal. 2014)

(magistrate judge approved minors' compromise based on referral from district judge and consent of the parties); *Moore v. Count of Kern*, 2009 WL 3584355, *1 (E.D.Cal. 2009) (magistrate judge entered findings and recommendations regarding approval of petition for compromise of minor's claim); and *Romar v. Fresno Community Hospital and Medical Center*, 2009 WL 1939023 (E.D.Cal. 2009) (order adopting in part findings and recommendations of magistrate judge following *de novo* review of petition to approve compromise).  The undersigned therefore concludes that it is appropriate to issue findings and recommendations to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

The Court finds that the Petition in this case, together with the exhibits attached thereto, provides all of the information and documentation required under NRS 41.200.  The Court further finds that the proposed compromise is reasonable and appears to be in the best interest of the minor Plaintiff Dylan Bratcher.  The Court further finds that because the net amount to be paid for the benefit of the minor Plaintiff is substantially less than $10,000.00 and the proceeds will be deposited in a blocked trust account in a federally insured financial institution in the State of Nevada, it is not necessary to require the Petitioner to file periodic verified reports detailing the activities of the investment.  *See* NRS 41.200.5.  Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Petition for Compromise of Disputed Claim of Minor (#31) be **approved** by the Court as follows:

1. That the proposed settlement of the claim of the minor against Property and Casualty Insurance Company of Hartford be approved in the sum of $9,504.00.

2. That the medical bill for North Vista Hospital in the amount of $677.55 be paid out of the settlement.

3. That the medical bill for Advanced Care Emergency in the amount of $261.00 be paid out of the settlement.

4. That the $9,504.00 settlement is subject to attorney fees and costs in the amount of $3,843.76 which may be paid from the settlement proceeds.

. . .

4

     5.     That the remainder of the settlement in the sum of $4,721.69 be paid to Petitioner for the establishment of a blocked trust account at City National Bank, a federally insured financial institution in the State of Nevada, located at 2320 East Tropicana Avenue, Las Vegas, Nevada 89119.  Authorization to establish the blocked account for the benefit of the minor should be given to the Petitioner or a representative of the Richard Harris Law Firm.

     6.     That the funds deposited in the blocked trust account shall not be liquidated or diminished prior to March 11, 2026, upon the minor reaching the age of eighteen (18) years, with Court approval, with a final accounting as to the funds and upon showing that the withdrawal is in the best interest of the minor child.

     7.     That the Petitioner shall, within sixty (60) days, file proof of the establishment of the blocked account.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of December, 2014.

                                          GEORGE FOLEY, JR.
                                          United States Magistrate Judge